Minshall, J.
It appears from the petition of the plaintiff, that on the petition of Samuel Fouser and some fourteen others, such proceedings were had before the commissioners of Crawford county, that on June 3, 1890, by the order of the commissioners, a county road was established on and over the lands of the plaintiff. The plaintiff appealed to the probate court from the compensation awarded him, where such proceedings were had, that by the verdict of a jury $979.00 were awarded him. These proceedings being laid be *134 fore the commissioners, the board, on December 6, 1890, made an order that “the road be not opened until the petitioners paid the plaintiff’'$145.00 January 1,1891, and four other payments of $146.00 each, at designated times, the last to be made January 1, 1895; the commissioners assuming to pay the balance. When the first payment became due, it was demanded of the principal petitioner of the road, who refused to pay it, and neither he, nor any of the rest, has paid it, or any part of the sum awarded.
The question arises whether the plaintiff has, under the state of facts, a right to have the road, so established, declared vacated, and his title to the land quieted ag’ainst any claim that may be made of a right to open it under the proceedings had before the commissioners. The fact that the plaintiff’s dwelling-house stands upon the way of the proposed road, and will have to be removed if the road is opened, and that the same is in need of repairs, which he cannot prudently make during the uncertainty caused by the neglect of the parties to pay the amounts awarded, aggravates the nature of his injury, if any exists, but does not, as we think, add anything to his rights in the premises. If the right exists to open the road, notwithstanding the default of the petitioners in making payments as directed, the inconvenience connected with the removal of his dwelling house must be deemed compensated by the award of damages that has been made him.
So the question then arises: Did the failure to make the payments as directed by the order, defeat the right of the petitioners to have the road opened, and cast a cloud upon the title of the plaintiff? We think it did. We see no error in *135 the order of the' commissioners, that the road should not be opened until the plaintiff be paid the compensation awarded. It seems clearly authorized by the provisions of section 4709, Revised Statutes, and does not violate the provisions of the constitution requiring compensation to be made in money before private property is- taken for public use. By this order the road is not to be opened until the payment is made; and no taking can be said to occur until the road, is opened to public travel. A mere order establishing a road, with a conditional order for opening it, is not, in law, a taking* of the land until the order for opening it becomes absolute. But the taking of private property for a public use is a matter of strict law. It was therefore the duty of the petitioners to comply with the terms of the order and make payment as directed, in order to acquire the right to have the road opened for the use of themselves and the public. So that when they neglected to make the payment of $145.00 required to be paid January 1,1891, their right under the order establishing the road terminated, unless the default should be waived by the plaintiff, which was not done. To hold otherwise would be to establish an unjust and oppressive practice. It would give the petitioners the power at any time to open the road by making payment, whether at the day or not, without any right in the land owner to compel payment. This would materially affect the value of the owner’s land, and be a cloud on his title. He could not improve it as prudence might suggest, nor sell to advantage, if he desired to do • so. Hence, such an order for the opening of a road by petitioners must be strictly complied with as to *136 making payments, of the right will, and should, be lost.
Again, we think it clear, that this is such a cloud as may be removed by the decree of a court at the suit of the land owner. The proceedings before the commissioners apparently establish a public highway on his lands, which, from the default of the petitioners, is not such in fact. As observed by the judge delivering the opinion in Bogert v. City of Elizabeth, 27 N. J., 568, 572: “It is highly desirable that land should be freed from every lurking and unsubstantial claims, for even the ■suspicion of such claim, no matter how ill-founded, ■affects the value of the property when on sale.” 'This was said in construing a statute of the state of .New Jersey, furnishing a remedy for quieting "title, substantially like our own. Section 5779, Revised Statutes. It is further observed, that “The policy which the statute is designed to promote is beneficial and enlightened, and it should be received with favor.” The decision was followed and approved by this court in construing ■our own statute. Rhea v. Dick, 34 Ohio St., 420, 423.
Two objections are, however, made to the maintenance of the action: (1) That the plaintiff has an adequate remedy at law by a proceeding in error ; (2) That the defendants are not the proper parties.
1. It will be conceded, that if, in this case, the plaintiff could obtain relief by a proceeding in error, such proceeding would be an adequate, as well as the proper remedy. Upon a cursory examination of Dwiggins v. Denver, 24 Ohio St., 629, it mig’ht seem that such is the case. But it will be observed that in that case, the error consisted in *137 the order of the commissioners, directing the road to be opened before the expiration of the time fixed for the payment of the money. The error was apparent on the record, and the court properly reversed the order. Here no such objection can be taken to the order. The road is not to be opened until the payments are made. The fact entitling the plaintiff to relief — non-payment of the money as required — is dehors the record, and cannot be reached by a proceeding in error. Haff v. Fuller, 45 Ohio St., 495. If the board of commissioners abused its discretion in giving too much time in which to make the payments, the plaintiff, in not prosecuting error from that fault, may be regarded as having waived it. But this would in no way affect his right to insist on the performance of the order as made. He could elect to abide by the order, and insist on its performance, and if not performed, treat the order as at end, and ask a court to remove the cloud created by it upon the title to his land; and if thereby the petitioners lose what they had gained, it is the result of their own negligence.
2. As to the proper defendants. The proceeding for the establishment of the road was begun, as it had to be, by the petitioners. In such proceeding, in case of an appeal, it is required to be docketed by the probate court, under the style of “the petitioners as plaintiffs and the appellants as defendants.” Where proceedings in error are instituted, the petitioners are made defendants; and so, where a remedy by injunction is sought. And where, as in this case, the proceeding had, simply cast a cloud upon the title of a land owner, which he seeks to have removed, the petitioners are, for like reasons, the proper parties defend *138 ant. Until an absolute order has been made, under ■which the road can be opened, the proceeding must be regarded as pending and subject to the control of those by whom it was instituted ; no condemnation is effected, and the public acquires no right in the land as a highway; and so until then, it is not a necessary, nor proper party, to any suit affecting the proceeding.
It may not have been necessary to make the commissioners parties. They acted simply in a ministerial capacity, exercising quasi judicial functions. But they made no motion to be dismissed from the action; and joining them with the petitioners, though probably not necessary, does not render the judgment quieting plaintiff’s title, erroneous.
Judgment of the ci/rcwit court reversed, and that of the common pleas affirmed.